UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CUSTOM ENGINEERING AND FABRICATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: ) |
| TAV HOLDINGS, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now Plaintiff, Custom Engineering and Fabrication, Inc. (hereinafter "Custom" or "Plaintiff"), by counsel, for its Complaint for Damages against Defendant, TAV Holdings, Inc. (hereinafter "TAV" or "Defendant"), hereby alleges and states as follows:

## PARTIES

1. Plaintiff, an Indiana domestic for-profit corporation, is a leading provider of manufacturing solutions including the engineering and design, fabrication, and installation of equipment to a wide variety of industries. Plaintiff is headquartered in Fort Wayne, Indiana.

2. Upon information and belief, Defendant is a domestic profit corporation in Georgia with its principal place of business located at 3311 Empire Blvd., Suite 114, Atlanta, GA 30354.

## JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has personal jurisdiction over the Defendant because the Defendant has performed business in Fort Wayne, Indiana which would be located in the Northern District of Indiana. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

4. On or about January 25, 2017, Custom provided a quote to TAV for the Royal Green project. The quote for the Royal Green project was in the amount of $385,090.39. The quote included the engineering, manufacturing, and installation for the Royal Green project. The quote is attached hereto and incorporated herein as Exhibit "A".

5. On or about February 7, 2017, Pedro Orbezo of TAV Holdings, Inc. communicated with Custom through electronic mail that "we have officially executed the contract." Mr. Orbezo also indicated that TAV was ready to go on the project. Attached hereto and incorporated herein as Exhibit "B" is the February 7, 2017 correspondence from Mr. Orbezo.

6. On or about February 17, 2017, Custom would have provided the engineering design and specifications for the project to TAV. Attached hereto and

incorporated herein as Exhibit "C" are the designs. TAV accepted the engineering design and specifications for the Royal Green project.

7. Custom required that a 35% down payment be paid before the Royal Green project would be started. Custom would have provided an invoice on or about February 17, 2017 for the project in the amount of $136,041.50. Attached hereto and incorporated herein as Exhibit "D" is the invoice. On or about March 31, 2017, TAV would have paid the initial down payment to Custom for the Royal Green project. Attached hereto and incorporated herein as Exhibit "E" is the paid invoice for the down payment.

8. Custom completed the engineering, manufacturing, and installation of the Royal Green project for TAV. The engineering and manufacturing of the Royal Green project took place in Fort Wayne, Indiana. After the engineering and manufacturing of the Royal Green project was completed, the finished product was shipped and installed in Lebanon, Pennsylvania.

9. Custom would have provided three (3) additional invoices to TAV for payment on the project. The first invoice would have been for $136,04150. The second invoice would have been for $116,607.00. The third and final invoice would have been for $61,827.00. Payment was made by TAV in the amount of $125,000 on the first invoice. The first invoice has a current outstanding balance of $11,041.50. The three (3) invoices total $189,475.50, as outlined in the invoice attached hereto and incorporated herein as Exhibit "F." The amount set forth on Exhibit "F" remains outstanding and unpaid by TAV.

3

10. On or about September 26, 2017, a representative from Custom traveled to Atlanta, Georgia and had an in-person meeting with TAV and specifically Thomas Valerio who is the CEO. The CEO raised no issues with the Royal Green Project. Rather, the CEO indicated that the invoices would be paid in full the following week. After this communication, the CEO stopped communicating with Custom.

11. The Royal Green project was a custom job that was unique and completed solely for TAV by Custom. Custom has not only substantially begun but has finished the project for TAV. Currently, all requests and portions of the contract as outlined in the invoices have been completed by Custom. Custom is waiting on a final payment from TAV for its completed work in the amount of $189,475.50.

## COUNT I – BREACH OF WRITTEN CONTRACT

12. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 11 as if set forth herein in full.

13. On or about January 25, 2017, Custom provided TAV with a detailed invoice/contract for the Royal Green Project.

14. On or about February 7, 2017, Pedro Orbezo of TAV corresponded and agreed that TAV was entering into a contract with Custom for the work outlined on the invoice/contract. Mr. Orbezo stated that "we have officially executed the contract" and "we are ready to go" on the Royal Green project.

15. In addition, on or about February 17, 2017, Custom would have provided the specific engineering designs for the Royal Green Project and job number 2154. TAV accepted the proposed engineering design and drawings for the Royal Green project.

16. Custom has performed all conditions and promises required on its part to be performed in accordance with the terms and conditions of the invoice/contract for the Royal Green project with TAV. TAV has never indicated that any of the work on the Royal Green project was unsatisfactory or not completed.

17. On several occasions, Custom requested full and final payment for the completed Royal Green project from TAV. Specifically, on July 11, 2017, Custom requested in writing full payment for the project. Custom would have also traveled to the corporate office of TAV in Atlanta, Georgia for a meeting and requested full and final payment for the work Custom completed.

18. TAV has breached the invoice/contract by failing to pay Custom for its work on the Royal Green project in connection with failing to pay the full balance of three (3) outstanding invoices from the project.

19. As a result of TAV's breach of the invoice/contract, Custom has damages in the amount of $189,475.50 plus interest based on the failure of payment from TAV.

WHEREFORE, Plaintiff demands judgement against Defendant for damages, costs of this action, prejudgment interest, and all other just and appropriate relief.

## COUNT II – BREACH OF ORAL CONTRACT

20. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 19 as if set forth herein in full.

21. Defendant, its agents, employees, and/or representatives entered into an oral contract with Plaintiff, for valuable consideration. In reliance on the contract, Plaintiff engineered, manufactured, and installed equipment known as the Royal Green

project for Defendant. Plaintiff would have performed the Royal Green project exclusively for the Defendant and the Defendant has partially paid for the Royal Green project.

22. Pursuant to the contract and per request from Plaintiff, Defendant had a contractual obligation to prudently and reasonably provide payment.

23. Pursuant to the contract, Defendant had a contractual obligation to notify the Plaintiff of any changes, complaints, or failures in the project from Plaintiff. The Defendant has never raised any complaints or failures from the Plaintiff on the Royal Green project.

24. Plaintiff has fulfilled all its obligations under the contract.

25. As a direct and proximate result of the foregoing, Plaintiff sustained damages, including but not limited to the value, cost, and related expenses for the completed Royal Green project including their design, manufacture, and installation of the equipment.

26. As a result of TAV's breach of the contract, Custom has damages in the amount of $189,475.50 plus interest based on the failure of payment from TAV.

WHEREFORE, Plaintiff demands judgement against Defendant for damages, costs of this action, prejudgment interest, and all other just and appropriate relief.

## COUNT III -- QUANTUM MERUIT

27. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 26 as if set forth herein in full.

28. Defendant has been conferred a benefit with the production of finished product by Plaintiff. Plaintiff has not been fully compensated for the finished goods.

29. Defendant has been unjustly enriched by Plaintiff's production of the product.

WHEREFORE, Plaintiff demands judgement against Defendant for damages, costs of this action, prejudgment interest, and all other just and appropriate relief.

### COUNT IV -- PROMISSORY ESTOPPEL

30. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 29 as if set forth herein in full.

31. Defendant deliberately made promises and communications to the Plaintiff when they expected that the Plaintiff would rely upon those promises regarding the design, engineering, manufacturing, and installation of the product.

32. Plaintiff relied upon the promises and communications from Defendant and acted upon them. The Defendant's breach of their promises, communications, and assurances directly and proximately caused Plaintiff to incur unnecessary costs and expenses, including but not limited to the value of the engineering, fabrication, manufacturing and installation of the product and all related expenses.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs of this action, prejudgment interest, and all other just and appropriate relief.

## DEMAND FOR TRIAL BY JURY

Comes now Plaintiff, Custom Engineering and Fabrication, Inc., by counsel, requests a trial by jury on all issues deemed so triable.

                                                  Respectfully submitted,

                                                  CARSON LLP


                                                  /s/ C. Christopher Dubes
                                                  C. Christopher Dubes, #24157-49
                                                  Jeremy V. Senk, #23131-02
                                                  Attorneys for Plaintiff

301 W. Jefferson Blvd., Suite 200
Fort Wayne, IN 46802
(260) 423-9411
dubes@carsonllp.com
senk@carsonllp.com